1  JOHN COX, CASB No. 197687
   JESSICA LUHRS, CASB No. 284846
2  KEESAL, YOUNG & LOGAN
   A Professional Corporation
3  450 Pacific Avenue
   San Francisco, California  94133
4  Telephone:     (415) 398-6000
   Facsimile:      (415) 981-0136
5
6  Attorneys for Defendant
   JPMORGAN CHASE BANK, N.A.

7

8              **UNITED STATES DISTRICT COURT**

9             **EASTERN DISTRICT OF CALIFORNIA**

10

11 RICHARD ST. CLAIR,                          ) Case No. 1:13-CV-01317-AWI-BAM
                                               )
12                        Plaintiff,           ) **DEFENDANT'S NOTICE OF MOTION AND**
                                               ) **MOTION TO DISMISS PLAINTIFF'S**
13       vs.                                    ) **COMPLAINT; MEMORANDUM OF**
                                               ) **POINTS AND AUTHORITIES IN SUPPORT**
14 JP MORGAN CHASE BANK, N.A.,                 ) **THEREOF**
   MORTGAGE ELECTRONIC REGISTRATION )
15 SYSTEMS, INC. AND U.S. BANK, N.A., AS       ) Barbara A. McAuliffe
   TRUSTEE FOR WASHINGTON MUTUAL              ) U.S. Magistrate Judge
16 MORTGAGE PASS-THROUGH                       )
   CERTIFICATES, WMALT SERIES 2007-OA3, ) Date:      January 24, 2014
17                                             ) Time:     9:00 a.m.
                          Defendant(s).        ) Place:    Courtroom 8, 6th Floor
18 _____)

19

20 **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

21            **PLEASE TAKE NOTICE** that on January 24, 2014, at 9:00 a.m., or as soon thereafter

22 as the matter may be heard in the above-entitled Court, Defendant JPMORGAN CHASE BANK, N.A.

23 will bring on for hearing before the Honorable Barbara A. McAuliffe, United States District Judge, in

24 Courtroom 8 of the United States District Court, Eastern District of California, located at 2500 Tulare

25 Street, Fresno, California, 93721, a Motion to Dismiss the Complaint of Plaintiff RICHARD ST.

26 CLAIR ("Plaintiff").

27

28

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF – Case No. 1:13-CV-01317-AWI-BAM

1
2
3
4
5
6

       This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and Request for Judicial Notice, the Court records and files herein, and upon such other matters as may be properly submitted and considered by the Court in connection with the hearing on this Motion.

7    DATED:  November 4, 2013                              */s/ Jessica Luhrs*_____

8                                        JOHN COX
JESSICA LUHRS
9                                        KEESAL, YOUNG & LOGAN
Attorneys for Defendant
10                                     JPMORGAN CHASE BANK, N.A.

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – Case No. 1:13-CV-01317-AWI-BAM

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION .................................................................................................. 1

II.    STATEMENT OF FACTS ..................................................................................... 1

III.   STANDARD FOR A MOTION TO DISMISS......................................................... 3

IV.    LEGAL ARGUMENT ........................................................................................... 4

     A.     CHASE HAD THE POWER TO FORECLOSE .......................................... 4

          1.     Plaintiff Has Not Demonstrated that the Alleged 2007
              Securitization Failed............................................................... 4

          2.     MERS Did Not Lose Its Interest in the Subject Loan Pursuant
              to the Securitization .............................................................. 6

          3.     Chase Assumed WaMu's Ability to Enforce the Subject Loan
              and DOT ................................................................................ 6

     B.     WAMU WAS AUTHORIZED TO RECORD THE NOD IN 2008 ............................. 7

     C.     PLAINTIFF LACKS STANDING TO CHALLENGE THE ASSIGNMENTS ........... 8

     D.     NONE OF PLAINTIFF'S CAUSES OF ACTION STATE A CLAIM........................ 9

          1.     Plaintiff's Claim for Wrongful Foreclosure Fails ............................ 9

          2.     Plaintiff's Claim for Quiet Title Fails ............................................ 10

              a)     Plaintiff Fails to Demonstrate that Chase Lacks Interest
                  in the Subject Loan and DOT ........................................... 10

              b)     Plaintiff Fails to Allege Tender ........................................ 11

          3.     Plaintiff's Claim for Slander of Title Fails..................................... 11

              a)     Insofar as Plaintiff's Claim is Based on the Assignments
                  of Deed of Trust, NOD, and First Three Notices of
                  Trustee's Sale, It Is Barred by the Applicable Statute of
                  Limitations...................................................................... 12

              b)     Plaintiff Fails to Demonstrate that the Fourth and Fifth
                  Notices of Trustee's Sale or Trustee's Deed Upon Sale
                  Were False ...................................................................... 12

              c)     The Recorded Documents Were Privileged ....................... 13

               d)     Plaintiff Fails to Plead Pecuniary Loss.............................. 13

          4.     Plaintiff's Claim for Fraud Fails ................................................... 14

KYL_SF618230

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF – Case No. 1:13-CV-01317-AWI-BAM


5.   Plaintiff's Claim for Cancellation of Instruments Fails ................................. 15

a)   Plaintiff Fails to Demonstrate that the Subject Loan and First DOT Are Void ............................................................ 15

b)   Plaintiff Fails to Demonstrate that the Assignments of Deed of Trust, NOD, Notices of Trustee's Sale and Trustee's Deed Upon Sale Are Void ............................................. 16

6.   Plaintiff's Claim for Violation of California Civil Code Section 2934 Fails ........................................................................................ 16

7.   Plaintiff's Claim for Violation of Bus. & Professions Code, Section 17200, et seq. Fails ................................................................ 17

a)   Plaintiff Lacks Standing To Bring a UCL Claim ............................. 17

b)   Plaintiff Fails to Show Violation of a Predicate Statute .................... 18

c)   Plaintiff Cannot Show That Any Purported Wrongdoing by Chase Caused Him Harm .............................................. 20

V.   CONCLUSION .................................................................................... 20

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – Case No. 1:13-CV-01317-AWI-BAM

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....................................................................................................4

*Bell Atlantic v. Twombly*,
550 U.S. 544 (2007) ....................................................................................................3

*Benham v. Aurora Loan Services*,
2009 U.S. Dist. LEXIS 78384 (N.D. Cal. Sept. 1, 2009) ..........................................6

*Ford v. Lehman Bros. Bank, FSB*,
2012 U.S. Dist. LEXIS 85600 (N.D. Cal. June 20, 2012) .........................................11

*Gilmore v. Am. Mortg. Network, Inc.*,
2012 U.S. Dist. LEXIS 176194 (C.D. Cal. Dec. 10, 2012) .......................................15

*Javaheri v. JPMorgan Chase Bank, N.A.*,
2012 U.S. Dist. LEXIS 175743 (C.D. Cal. Dec. 11, 2012) .......................................7

*Nugent v. Fed. Home Loan Mortg. Corp.*,
2013 U.S. Dist. LEXIS 46244 (E.D. Cal. March 28, 2013) ......................................9

*Ogilvie v. Select Portfolio Servicing*,
2012 U.S. Dist. LEXIS 103228 (N.D. Cal. July 23, 2012) .......................................14

*Pugh v. JPMorgan Chase Bank, N.A.*,
2013 U.S. Dist. LEXIS 151873 (E.D. Cal. Oct. 22, 2013)............................5, 12, 16

*Richards v. Bank of America, N.A.*,
2010 U.S. Dist. LEXIS 92389 (N.D. Cal. Aug. 13, 2010) .......................................13

*Sargent v. JPMorgan Chase Bank, N.A.*,
2013 U.S. Dist. LEXIS 104547 (N.D. Cal. July 25, 2013) .................................5, 6

*Shkolnikov v. JPMorgan Chase Bank*,
2012 U.S. Dist. LEXIS 177573 (N.D. Cal. Dec. 14, 2012) .......................................6

*Shroyer v. New Cingular Wireless Servs.*,
622 F.3d 1035 (9th Cir. 2010) .............................................................................14, 15

*Sigaran v. US Bank N.A.*,
2013 U.S. Dist. LEXIS 75033 (S.D. Tex. May 29, 2013)...........................................5

*Toneman v. United States Bank*,
2013 U.S. Dist. LEXIS 98996 (C.D. Cal. June 14, 2013)..............................5, 14, 16

KYL_SF618230

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF – Case No. 1:13-CV-01317-AWI-BAM

1

**STATE CASES**

2

*Alliance Mortg. Co. v. Rothwell,*
3
    10 Cal. 4th 1226 (Cal. 1995) ...................................................................... 14

4

*Bleavins v. Demarest,*
    196 Cal. App. 4th 1533 (2011) ..................................................................... 8
5

*Californians for Disability Rights v. Mervyn's, LLC,*
6
    39 Cal. 4th 223 (2006) ................................................................................ 17

7

*Calvo v. HSBC Bank USA, N.A.,*
    199 Cal. App. 4th 118 (2011) ................................................................... 7, 8
8

9

*Farmers Ins. Exch. v. Superior Court,*
    2 Cal. 4th 377 (1992) .................................................................................. 18
10

*Gantman v. United Pac. Ins. Co.,*
11
    232 Cal. App. 3d 1560 (1991) ...................................................................... 8

12

*Herrera v. Federal Nat. Mortg. Assn.,*
    205 Cal. App. 4th 1495 (2012) ..................................................................... 9
13

14

*Jenkins v. JPMorgan Chase Bank, N.A.,*
    216 Cal. App. 4th 497 (2013) ..................................................................... 17
15

*Kachlon v. Markowitz,*
16
    168 Cal. App. 4th 316 (2008) ..................................................................... 13

17

*Krantz v. BT Visual Images, LLC,*
    89 Cal. App. 4th 164 (2001) ....................................................................... 19
18

19

*Kwikset Corp. v. Super. Ct.,*
    51 Cal. 4th 310 (2011) ................................................................................ 17
20

*La Jolla Group II v. Bruce,*
21
    211 Cal. App. 4th 461 (2012) ..................................................................... 11

22

*Lona v. Citibank, N.A.,*
    202 Cal. App. 4th 89 (2011) ......................................................................... 9
23

24

*Morgan v. AT&T Wireless Services, Inc.,*
    177 Cal. App. 4th 1235 (2009) ................................................................... 20

25

*Murphy v. Allstate Ins. Co.,*
    17 Cal. 3d 937 (1976) ................................................................................... 8
26

27

*Sanborn v. Chronicle Pub. Co.,*
    18 Cal. 3d 406 (1976) ................................................................................. 13

28

          KYL_SF618230

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF – Case No. 1:13-CV-01317-AWI-BAM

*Schauer v. Mandarin Gems of Cal., Inc.*,
   125 Cal. App. 4th 949 (2005) ................................................................. 8

*Smith v. Commonwealth Land Title Ins. Co.*,
   177 Cal. App. 3d 625 (1986) ................................................................. 13

**FEDERAL STATUTES AND RULES**

FED. R. CIV. P. 9(b) ...................................................................... 12, 14

FED. R. CIV. P. 12(b)(6) ...................................................................... 3

INTERNAL REVENUE CODE § 860 ...................................................................... 4

**STATE STATUTES AND RULES**

CAL. BUS. & PROF. CODE § 17200 ...................................................................... 17

CAL. BUS. & PROF. CODE § 17204 ...................................................................... 17

CAL CIV. CODE 2934a(a)(1)(A) ...................................................................... 16

CAL. CIV. CODE § 1095 ...................................................................... 18

CAL. CIV. CODE §§ 1095, 1709, 1710, 2923.5, 2924(a)(1), and 2934a(a)(1)(A) ........................... 18

CAL. CIV. CODE §§ 1709 and 1710 ...................................................................... 19

CAL. CIV. CODE § 2923.5 ...................................................................... 19

CAL CIV. CODE § 2924 ...................................................................... 19

CAL. CIV. CODE § 2924(a)(1) ...................................................................... 7

CAL. CIV. CODE §§ 2924(a)(1) and 2924(a)(1)(C) ...................................................................... 19

CAL CIV. CODE § 2924(a)(1)(C) ...................................................................... 12

CAL. CIV. CODE § 2924(d)(1) ...................................................................... 13

CAL. CIV. CODE §§ 2932, 2932.5 ...................................................................... 7

CAL. CIV. CODE § 2934 ...................................................................... 16

CAL. CIV. CODE § 2934a(a)(1)(A) ...................................................................... 16, 18

CAL. CIV. CODE § 3412 ...................................................................... 15, 16

CAL. CODE CIV. PROC. § 338(g) ...................................................................... 12

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF – Case No. 1:13-CV-01317-AWI-BAM



Cal. P.C. §§ 115 and 532 ........................................................................................................ 18, 19

KYL_SF618230
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – Case No. 1:13-CV-01317-AWI-BAM

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant JPMORGAN CHASE BANK, N.A. ("Chase") hereby submits the following Memorandum of Points and Authorities in support of its Motion to Dismiss the Complaint of Plaintiff RICHARD ST. CLAIR ("Plaintiff").

## I.   INTRODUCTION

In 2006, non-party Michele M. Contreras obtained a million dollar loan secured by a deed of trust encumbering her property.  That loan was ultimately acquired by Chase.  Ms. Contreras defaulted on her loan obligations in 2008, and therefore Washington Mutual Bank ("WaMu"), then the owner of the loan, properly initiated non-judicial foreclosure proceedings.  Over the next four years, five notices of trustee's sale were publicly recorded against the property.  In 2012, Plaintiff obtained title to the property from Ms. Contreras.  Despite having ample notice of Ms. Contreras's default via the publicly recorded notice of default and notices of trustee's sale, Plaintiff did not cure the default. The property was therefore sold at a trustee's sale in June 2013.

Plaintiff now brings the current action seeking to overturn the lawful trustee's sale based on a slew of meritless allegations regarding the purported securitization of the loan.  These allegations are contradicted by both established California law - including a recent decision dismissing a similar Complaint brought by Plaintiff's counsel, Mr. Marshall - and the judicially noticeable documents.  Moreover, each cause of action in the Complaint is legally and factually deficient. Accordingly, Plaintiff's entire Complaint fails, and Chase respectfully requests that this Court grant its Motion to Dismiss in full, without leave to amend.

## II.   STATEMENT OF FACTS

For the purposes of this Motion only, Chase accepts as true the following allegations from the Complaint and further directs the Court to the judicially noticeable facts set forth in the Request for Judicial Notice ("RJN"):

- Ms. Contreras obtained title to the real property located at 1328 East Rosemont Lane, Fresno, California 93730 (the "Subject Property") via Grant Deed, recorded in the Official Records of Fresno County on February 25, 2005 as instrument number 2005-0043533.  (RJN Exh. 1.)

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – Case No. 1:13-CV-01317-AWI-BAM

• Ms. Contreras obtained a $1,000,000.00 mortgage loan (the "Subject Loan") from Loan Center of California, Inc. secured by a Deed of Trust (the "First DOT") encumbering the Subject Property, recorded in the Official Records of Fresno County as instrument number 2006-0253273 on December 1, 2006. The DOT listed Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary and Financial Title Co. as Trustee. (RJN Exh. 2.)

• Ms. Contreras also obtained a $260,000.00 mortgage loan from Loan Center of California, Inc. secured by a Deed of Trust (the "Second DOT") encumbering the Subject Property and recorded in the Official Records of Fresno County as instrument number 2006-0253274 on December 1, 2006. (RJN Exh. 3.)

• Ms. Contreras defaulted on her obligations under the First DOT, and on January 15, 2008, a Notice of Default and Election to Sell Under Deed of Trust ("NOD") was recorded in the Official Records of Fresno County as instrument number 2008-0004714. The NOD stated that Ms. Conteras should contact WaMu, c/o Quality Loan Service Corp., to arrange for payment to stop the foreclosure. (RJN Exh. 4.)

• On February 13, 2008, an Assignment of Deed of Trust was recorded in the Official Records of Fresno County as instrument number 2008-0021775, transferring the beneficial interest in the First DOT to WaMu. (RJN Exh. 5.)

• On April 21, 2008, a Substitution of Trustee was recorded in the Official Records of Fresno County as Instrument Number 2008-0057499, substituting Quality Loan Service Corporation as Trustee under the First DOT. (RJN Exh. 6.)

• A Notice of Trustee's Sale was recorded in the official Records of Fresno County on April 21, 2008 as instrument number 2008-0057500. (RJN Exh. 7.)

• A Trustee's Deed Upon Sale was recorded in the Official Records of Fresno County on July 22, 2008 as instrument number 2008-0104044. (RJN Exh. 8.)

• On August 4, 2008, a Notice of Rescission of Trustee's Deed Upon Sale was recorded in the Official Records of Fresno County as instrument number 2008-0110459. (RJN Exh. 9.)

• A second Notice of Trustee's Sale was recorded in the Official Records of Fresno County on October 7, 2008 as instrument number 2008-0143452. (RJN Exh. 10.)

• On September 25, 2008, Chase acquired certain assets and liabilities of WaMu, including the Subject Loan, from the Federal Deposit Insurance Corporation ("FDIC") acting as receiver pursuant to the Purchase and Assumption Agreement between the FDIC and Chase. (RJN Exh.11).

• A third Notice of Trustee's Sale was recorded in the Official Records of Fresno County on March 18, 2010 as instrument number 2010-0035767. (RJN Exh. 12.)

• Chase transferred the beneficial interest in the First DOT to U.S. Bank, National Association as trustee for WAMU Mortgage Pass Through Certificate for WMALT Series 2007-OA3, and an Assignment of Deed of Trust was recorded in the Official Records of Fresno County as instrument number 2010-0039435 on March 26, 2010. (RJN Exh. 13.)

• A fourth Notice of Trustee's Sale was recorded in the Official Records of Fresno County on June 17, 2011 as instrument number 2011-0080653. (RJN Exh. 14.)

• On October 8, 2012, a fifth Notice of Trustee's Sale was recorded in the Official Records of Fresno County as instrument number 2012-0145228. (RJN Exh. 15.)

• Ms. Contreras granted the Subject Property to Plaintiff, and a Grant Deed was recorded in the Official Records of Fresno County as instrument number 2012-0120936 on August 28, 2012. (RJN Exh. 16.)

• The Subject Property was sold at a trustee's sale, and a Trustee's Deed Upon Sale was recorded in the Official Records of Fresno County as instrument number 2013-0087182 on June 20, 2013. (RJN Exh. 17.)

III. **STANDARD FOR A MOTION TO DISMISS**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a claim for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550

U.S. 544, 570 (2007).  A claim has "facial plausibility" if the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  However, "[t]hread-bare recitals of the element of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555).  Nonetheless, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." *Id.*  This determination is context specific, but "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.*

As set forth herein, Plaintiff's claims lack legal or factual support, and therefore fail as a matter of law.  Accordingly, Chase respectfully submits that this Court should grant its Motion to Dismiss in its entirety, without leave to amend.

## IV.   LEGAL ARGUMENT

### A.   CHASE HAD THE POWER TO FORECLOSE

Plaintiff's entire Complaint is predicated on his erroneous theory that the securitization of the Subject Loan in 2007 destroyed WaMu's interest in the loan, and therefore none of the named defendants had any interest in the loan, rendering the trustee's sale unlawful.  As set forth below, this allegation fails.

#### 1.   Plaintiff Has Not Demonstrated that the Alleged 2007 Securitization Failed

The foundation of the Complaint is Plaintiff's allegation that the Subject Loan was securitized when it was sold to the Washington Mutual Mortgage Pass-Through Certificates, WMALT Series 2007-OA3 Trust (the "Trust") in 2007.  (Compl. ¶ 9).  Plaintiff alleges that "the securitization of the mortgage loan failed," because the "chain of title protocol mandated by the governing PSA was not followed."  (Compl. ¶ 14.)  Plaintiff appears to argue that the securitization failed because (1) the assignment somehow did not comply with the Trust's Pooling and Servicing Agreement ("PSA") and (2) it was not accompanied by "intervening assignment of Contreras's Deed of Trust and endorsement of the Note" as purportedly required by Section 860 of the Internal Revenue Code.  (Compl. ¶¶ 12-14.)

Even assuming *arguendo* that the Subject Loan was securitized in 2007, Plaintiff has not succeeded in demonstrating that the securitization "failed."  First, Plaintiff cannot challenge the securitization process on the basis of noncompliance with the Trust's PSA.  Judge England recently rejected an identical argument brought by Plaintiff's counsel Mr. Marshall in *Pugh v. JPMorgan Chase Bank, N.A.*  There, Judge England concluded that the plaintiffs lacked standing to challenge the process in which their mortgage was securitized because they were not parties to the relevant agreements, and because parties do not lose their interest in a loan when it is assigned to a trust pool. *Pugh,* 2013 U.S. Dist. LEXIS 151873, at *7 (E.D. Cal. Oct. 22, 2013).  *See also*, *Toneman v. United States Bank*, 2013 U.S. Dist. LEXIS 98996, at *28-29 (C.D. Cal. June 14, 2013) ("[a] majority of district courts in the circuit […] have concluded that a plaintiff has no standing to challenge the securitization process unless he is a party to the pooling and servicing agreement or a third party beneficiary of that agreement.")  Because Plaintiff has not alleged that he is a party to or third party beneficiary of the Trust's PSA, he does not have standing to allege claims based on improper securitization of the loan.

Plaintiff's contention that the securitization somehow failed to comply with the Internal Revenue Code's requirements for REMIC trusts is similarly unavailing.  Even if the securitization violated the Internal Revenue Code's requirements for REMIC trusts, the consequence would be limited to a loss of tax-exempt status.  *See Sigaran v. US Bank N.A.*, 2013 U.S. Dist. LEXIS 75033, at *19 (S.D. Tex. May 29, 2013).  Nothing in the federal provisions governing REMICs suggests that an assignment that fails to comply with the Internal Revenue Code invalidates the assignment, dissolves the trust, or gives rise to a private right of action.  *See id.*  Therefore, any purported failure to comply with the Internal Revenue Code would have no impact on the assignment of the Subject Loan to the Trust.

Plaintiff therefore fails to demonstrate that the purported 2007 securitization failed.  Accordingly, under the facts alleged, the purported 2007 securitization was successful and WaMu successfully assigned the Subject Loan to the Trust.

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – Case No. 1:13-CV-01317-AWI-BAM

1

2. **MERS Did Not Lose Its Interest in the Subject Loan Pursuant to the Securitization**

2

3

Plaintiff alleges that MERS lost its interest in the Subject Loan when the loan was

4

securitized, and therefore had no interest to convey to WaMu in 2008. (Compl. ¶¶ 16, 17.) This allegation is without merit.

5

6

First, when a loan is assigned to a trust pool, companies like MERS do not lose their

7

power of sale under a deed of trust. *See Benham v. Aurora Loan Services*, 2009 U.S. Dist. LEXIS

8

78384, at *3 (N.D. Cal. Sept. 1, 2009) ("Other courts in this district have summarily rejected the

9

argument that companies like MERS lose their power of sale pursuant to the deed of trust when the original promissory note is assigned to a trust pool.").

10

Second, Plaintiff's arguments that MERS was not entitled to assign the beneficial

11

interest in the First DOT are misplaced, and have been squarely rejected by California courts. *See*

12

*Sargent v. JPMorgan Chase Bank, N.A.*, 2013 U.S. Dist. LEXIS 104547, at *5 (N.D. Cal. July 25,

13

2013) ("Courts in this district have rejected the argument that MERS is not a proper beneficiary with

14

the right to foreclose, and the ability to transfer said right, where the terms of the deeds of trust state

15

otherwise"). Here, the First DOT clearly states in bold font that "MERS is the beneficiary under this

16

Security Instrument." (RJN Exh. 2) (emphasis original).

17

Accordingly, MERS was entitled to assign the beneficial interest in the DOT to WaMu,

18

and Plaintiff's arguments to the contrary are baseless.

19

3. **Chase Assumed WaMu's Ability to Enforce the Subject Loan and DOT**

20

On September 25, 2008, Chase acquired certain assets and liabilities of WaMu from the

21

Federal Deposit Insurance Corporation ("FDIC") acting as receiver pursuant to the Purchase and

22

Assumption Agreement between the FDIC and Chase. (RJN Exh. 11.) Courts in this Circuit have

23

recognized that, through the Purchase and Assumption Agreement, Chase inherited all of WaMu's

24

existing rights and powers as a loan servicer. *See, e.g., Shkolnikov v. JPMorgan Chase Bank*, 2012

25

U.S. Dist. LEXIS 177573, at *38 (N.D. Cal. Dec. 14, 2012) ("[a]lthough Chase was allowed to

26

exclude certain assets, the P&A Agreement provides that Chase 'specifically purchase[d] all mortgage

27

servicing rights and obligations of [WaMu].'") Thus, Chase took WaMu's interest in September

28

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – Case No. 1:13-CV-01317-AWI-BAM

2008, and was entitled to collect payments and initiate foreclosure.  Since WaMu's ability to enforce the terms of the Subject Loan and First DOT survived the purported 2007 securitization, Chase assumed that ability through the Purchase and Assumption Agreement in 2008.  Likewise, Chase was entitled to transfer its interest in the First DOT to U.S. Bank, National Association as trustee for WAMU Mortgage Pass Through Certificate for WMALT Series 2007-OA3 in 2010 (the "U.S. Bank Trust").  (*See* RJN Exh. 13.)  After the assignment, the U.S. Bank Trust was the beneficiary of the Subject Loan and First DOT, and Chase was the loan servicer.  Both entities maintained the power to foreclose on the Subject Property.  *See* CAL. CIV. CODE § 2924(a)(1) (stating that a "trustee, mortgagee, or beneficiary" under a deed of trust, or any of their authorized agents, may initiate non-judicial foreclosure proceedings (emphasis added)).  *See also Javaheri v. JPMorgan Chase Bank, N.A.*, 2012 U.S. Dist. LEXIS 175743, at *13 (C.D. Cal. Dec. 11, 2012) ("[a]s servicer of the loan, [Chase] can certainly be considered a nominee or authorized agent and has the authority to foreclose.").

For the foregoing reasons, even if Plaintiff's allegations are accurate--and Chase avers that many of them are not--Chase still has the power to enforce the Subject Loan and First DOT and foreclose on the Subject Property.

**B.**      **WAMU WAS AUTHORIZED TO RECORD THE NOD IN 2008**

The NOD was recorded in January 2008, before the Assignment of Deed of Trust assigning the beneficial interest in the First DOT to WaMu was recorded.  (RJN Exhs. 4, 5.)  This sequence of events had no impact on WaMu's authority to record the NOD, however, because California law does not require an assignment of beneficial interest to be recorded with respect to a deed of trust.  *See* CAL. CIV. CODE §§ 2932, 2932.5; *Calvo v. HSBC Bank USA, N.A.*, 199 Cal. App. 4th 118 (2011) ("[Section 2932.5] does not apply when power of sale is conferred in a deed of trust rather than a mortgage").

In *Calvo*, plaintiff's claim was based upon her allegation that a foreclosure sale initiated by HSBC Bank (the entity assigned the loan by the original lender) should be void and set aside because HSBC Bank invoked the power of sale without complying with the requirement to

record the assignment of the deed of trust from the original lender to HSBC.  In finding that that contention had no merit, the *Calvo* court held that the statute requiring recording of an assignment of a mortgage does not apply when the power of sale is conferred in a deed of trust (rather than a mortgage).  *Id.* at 122.

Here, WaMu was not required to record an assignment of beneficial interest in the First DOT prior to recording the NOD.   Accordingly, to the extent Plaintiff alleges that the NOD was invalid because it was recorded prior to the Assignment of Deed of Trust, his claim fails.

### C.      **PLAINTIFF LACKS STANDING TO CHALLENGE THE ASSIGNMENTS**

Plaintiff lacks standing to attack the validity of the Assignments of Deed of Trust, or any other contracts between Chase and Ms. Contreras.  Under California law, someone who is not a party to a contract has no standing to enforce the contract, or to challenge performance of the contract.  *Gantman v. United Pac. Ins. Co.*, 232 Cal.App.3d 1560, 1566 (1991); *Bleavins v. Demarest*, 196 Cal.App.4th 1533, 1542 (2011).  A third party beneficiary may have standing to enforce or challenge the performance of a contract, but only when the contracting parties' intent to benefit the third party appears ***in the terms of the agreement***.  *See Schauer v. Mandarin Gems of Cal., Inc*., 125 Cal. App. 4th 949, 957-58 (2005) (emphasis added).  In short, "[a] third party should not be permitted to enforce covenants made not for his benefit. . . . As to any provision made not for his benefit but for the benefit of the contracting parties or for other third parties, he becomes an intermeddler."  *Murphy v. Allstate Ins. Co*., 17 Cal.3d 937, 944 (1976) (internal citations omitted).

Here, Plaintiff was not a party to, or a third party beneficiary under, the First DOT, Assignments of Deed of Trust, or any other contracts concerning the Subject Loan.  He did not obtain an interest in the Subject Property until 2012, when Ms. Contreras deeded the property to him.  (RJN Exh. 16.)  Accordingly, Plaintiff cannot reasonably argue that any of the transactions at issue were intended to benefit him, or that he had any interest in those transactions.  Plaintiff therefore lacks standing to challenge the Assignments of Deed of Trust.  For this additional reason, his Complaint fails in its entirety.

1

**D.**    **NONE OF PLAINTIFF'S CAUSES OF ACTION STATE A CLAIM**

2          Plaintiff's entire Complaint fails not only because his underlying securitization theory

3   is without merit, but also because each cause of action is factually and legally deficient, as set forth

4   below.

5          **1.**    **Plaintiff's Claim for Wrongful Foreclosure Fails**

6          To obtain an equitable set-aside of a trustee's sale or maintain a wrongful foreclosure

7   claim, Plaintiff must allege that: (1) Chase caused an illegal, fraudulent, or willfully oppressive sale of

8   the property pursuant to a power of sale in a mortgage or deed of trust; (2) Plaintiff suffered prejudice

9   or harm; and (3) Plaintiff tendered the amount of the secured indebtedness or was excused from

10  tendering.  *Nugent v. Fed. Home Loan Mortg. Corp.*, 2013 U.S. Dist. LEXIS 46244, at *19 (E.D. Cal.

11  March 28, 2013) (citing *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 112 (2011)).  A plaintiff may be

12  excused from the tender requirement where: "1) the underlying debt is void, 2) the foreclosure sale or

13  trustee's deed is void on its face, 3) a counterclaim offsets the amount due, 4) specific circumstances

14  make it inequitable to enforce the debt against the party challenging the sale, or 5) the foreclosure sale

15  has not yet occurred."  *Id.* at *21.

16          Here, Plaintiff's claim is based upon his allegation that Chase, the U.S. Bank Trust and

17  MERS held no interest in the First DOT due to the securitization of the loan, and therefore did not

18  have authority to foreclose.  In addition, he claims they did not record a Notice of Default.  As set

19  forth in Section A, *supra*, his securitization claim is entirely without merit.  Further, as set forth in

20  Section B, *supra*, WaMu **did** record a NOD, and was authorized to do so.  (RJN Exh. 4.)  Chase is not

21  aware of - nor has Plaintiff cited - any authority for the proposition that Chase was required to record a

22  second NOD prior to foreclosing.  On this basis alone, Plaintiff's claim fails.

23          Moreover, Plaintiff has not alleged that a defect in the foreclosure process resulted in

24  prejudice to him.   Indeed, he does not contest that Ms. Contreras defaulted, nor does he claim that

25  more than one entity attempted to collect mortgage payments or foreclose.  Thus, even if the

26  assignments of the debt were invalid, the only "victim" would be the assignor, which "suffered the

27  unauthorized loss of a [valuable] promissory note," **not** Plaintiff.  *See Herrera v. Federal Nat. Mortg.*

28

*Assn.*, 205 Cal.App.4th 1495, 1508 (2012) (*citing Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal.App.4th 256, 271-72 (2011)).

Further, and most importantly, Plaintiff's claim fails because he has not alleged tender. None of the conditions for excusing the tender requirement set forth in *E&C Investments* are present here.  Neither the underlying debt, the foreclosure sale, nor the trustee's deed is void, particularly in light of the fact that Ms. Contreras was in default.  Additionally, there are no circumstances which make it inequitable to enforce the debt against Plaintiff; Ms. Contreras took out a loan from Chase which she did not repay and which was secured by a deed of trust encumbering the Subject Property. Neither Ms. Contreras nor Plaintiff cured the default, and therefore Chase was entitled to foreclose. Finally, the foreclosure sale has occurred, and there is no counterclaim offsetting the amount due.

Because Plaintiff has not alleged tender or prejudice, his claim fails in its entirety. Chase therefore respectfully requests that this Court grant its Motion to Dismiss without leave to amend.

### 2.      Plaintiff's Claim for Quiet Title Fails

Plaintiff's second cause of action seeks to quiet title to the Subject Property as against Chase and the U.S. Bank Trust.  For the foregoing reasons, this allegation is entirely without merit and should be dismissed.

#### a)      Plaintiff Fails to Demonstrate that Chase Lacks Interest in the Subject Loan and DOT

Plaintiff argues that neither Chase nor the U.S. Bank Trust has any right, title, lien, or interest in the Subject Property.  (Compl. ¶ 56.)  Despite admitting that Ms. Contreras executed the Subject Loan and First DOT, Plaintiff seeks a judicial declaration stating that his title to the Subject Property is free and clear from the encumbrances posed by the Subject Loan and First DOT.  (Compl. ¶ 57.)  As illustrated in Section A, however, Plaintiff utterly fails to demonstrate that Chase and the U.S. Bank Trust lack interest in the Subject Loan and First DOT.  Under the facts alleged, WaMu successfully securitized the Subject Loan in 2007 while retaining its interests in the Subject Loan and First DOT.  In 2008, Chase assumed WaMu's interests through the Purchase and Assumption

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Agreement.  Thereafter, Chase assigned its beneficial interest in the Subject Loan and First DOT to the U.S. Bank Trust while retaining the servicing interest.  Accordingly, Plaintiff's quiet title claim fails.

<div align="center"><b>b)      Plaintiff Fails to Allege Tender</b></div>

Plaintiff's quiet title claim also fails because he has not alleged tender.  "A party seeking to quiet title in the face of a foreclosure must allege tender or offer of tender of the amount borrowed."  *Ford v. Lehman Bros. Bank, FSB*, 2012 U.S. Dist. LEXIS 85600, at *39 (N.D. Cal. June 20, 2012) (internal quotations omitted).  "Tender must be (1) in full, (2) unconditional, and (3) made in good faith, and a plaintiff alleging an offer of tender must additionally possess the ability to perform."  *Id.*  Plaintiff cannot avail himself to relief quieting title because he has not tendered or offered to tender any amount due under the loan.  *See id.* at *40.

Plaintiff argues that he should not be required to allege tender because Chase purportedly has no interest in the Subject Loan or First DOT.  (Compl. ¶ 58.)  As discussed throughout this Motion, however, Plaintiff utterly fails to demonstrate that Chase lacks the authority to enforce the Subject Loan and First DOT.  Plaintiff alternatively argues that alleging tender is unnecessary because "any arrearages are more than offset by the damages suffered by Plaintiff due to the fraudulent, illegal activities and statements of the Defendants."  (*Id.*)  As Plaintiff has not demonstrated that Chase's purported conduct was improper, however, it is not possible that Plaintiff's "damages" offset the arrearages owed.

Based on the foregoing, Plaintiff's quiet title claim necessarily fails and should be dismissed with prejudice.

<div align="center"><b>3.      Plaintiff's Claim for Slander of Title Fails</b></div>

Plaintiff's third cause of action argues that Chase slandered his title to the Subject Property by recording the NOD, and various notices of trustee's sale.  (Compl. ¶¶ 60, 61.)  The elements of a cause of action for slander of title are (1) a publication, (2) which is without privilege or justification, (3) which is false, and (4) which causes direct and immediate pecuniary loss.  *La Jolla*

*Group II v. Bruce*, 211 Cal. App. 4th 461, 472 (2012).  Since Plaintiff has not satisfied the second, third, and fourth elements, his slander of title claim necessarily fails.

<div align="center">

**a)**   **Insofar as Plaintiff's Claim is Based on the Assignments of Deed of Trust, NOD, and First Three Notices of Trustee's Sale, It Is Barred by the Applicable Statute of Limitations**

</div>

The statute of limitations for slander of title claims is three years.  *See* CAL. CODE CIV. PROC. § 338(g); *Pugh,* 2013 U.S. Dist. LEXIS 151873, at *9.  The Assignments of Deed of Trust and NOD were recorded in January 2008, February 2008, and March 2010, and the first three Notices of Trustee's Sale were recorded between April 2008 and March 2010.  (RJN Exhs.4, 5, 7, 10, 12, 13.)  The Complaint was filed in August 2013, more than three years after the recordation of those documents.  Plaintiff offers no justification for tolling the three-year limitation period, and there is none.  Therefore, Plaintiff's slander of title claim as it pertains to these documents is time-barred.

<div align="center">

**b)**   **Plaintiff Fails to Demonstrate that the Fourth and Fifth Notices of Trustee's Sale or Trustee's Deed Upon Sale Were False**

</div>

Plaintiff argues that the fourth and fifth Notices of Trustee's Sale and Trustee's Deed Upon Sale were all false because "Quality falsely claimed to have the power of sale on behalf of U.S. Bank." (Compl. ¶ 61.)  Plaintiff's argument lacks merit.  To the extent Plaintiff argues that the Notices of Trustee's Sale  are false because they flow from the initial securitization, Plaintiff's argument fails for the reasons set forth in Section A, *supra.*

Further, Plaintiff's argument that the Notices of Trustee's Sale are false because "U.S. Bank never filed a Notice of Default" is contradicted by the judicially noticeable documents, which show that a NOD was recorded in 2008.  (Compl. ¶ 61, RJN Exh. 4.)  The fact that the NOD was recorded by WaMu does not detract from Chase's ability to conduct the trustee's sale several years later and satisfies any statutory requirement to record a Notice of Default prior to conducting a trustee's sale.  CAL CIV. CODE § 2924(a)(1)(C).

Moreover, because the cause of action sounds in fraud, it must be pled with particularity.  *See* Fed. R. Civ. P. 9(b).  Here, there are no particularized allegations as to when and how any false representation was made to Plaintiff by Chase.

1

2

For the foregoing reasons, Plaintiff fails to demonstrate that the recorded documents were false.

3

### c)      The Recorded Documents Were Privileged

4

5

Plaintiff's claim fails for the additional reason that all of the recorded documents were privileged.  "A privilege, either absolute or qualified, is a defense to a charge of slander of title."

6

*Richards v. Bank of America, N.A.*, 2010 U.S. Dist. LEXIS 92389, at *10 (N.D. Cal. Aug. 13, 2010).

7

8

Under the California Civil Code, the mailing, publication, and delivery of notices pursuant to non-judicial foreclosure are privileged communications.  CAL. CIV. CODE § 2924(d)(1).  *See Kachlon v.*

9

10

*Markowitz*, 168 Cal. App. 4th 316, 333-34 (2008).  *See also Richards*, 2010 U.S. Dist. LEXIS 92389, at *10-11 ("[a]ny notice or communication that issued in the course of performing duties related to the

11

12

non-judicial foreclosure sale is privileged and not actionable.").  Given that the documents at issue were published pursuant to non-judicial foreclosure proceedings, they were privileged.

13

14

To defeat a defense of qualified privilege, Plaintiff must allege that Chase acted with malice.  *See Smith v. Commonwealth Land Title Ins. Co.*, 177 Cal. App. 3d 625, 631 (1986).  Malice

15

16

requires "that the publication was motivated by hatred or ill will towards the plaintiff or […] a showing that the defendant lacked reasonable grounds for belief in the truth of the publication and

17

18

therefore acted in reckless disregard of the plaintiff's rights."  *Kachlon*, 168 Cal. App. 4th at 336

19

(*quoting Sanborn v. Chronicle Pub. Co.*, 18 Cal. 3d 406, 413 (1976).  Here, Plaintiff does not allege

20

any facts to suggest that Chase was motivated by hatred or ill will beyond his conclusory allegation that "the statements were made with malicious intent."  (Compl. ¶ 63.)  Additionally, Plaintiff fails to

21

22

plead that Chase lacked reasonable grounds for belief in the truth of the documents.  Accordingly, Plaintiff fails to plead malice, and his slander of title claim fails.

23

24

### d)      Plaintiff Fails to Plead Pecuniary Loss

Finally, Plaintiff's third cause of action fails because he has not pled that publication of

25

the title documents caused a direct and immediate pecuniary loss.  He argues that he has suffered

26

"direct pecuniary loss" because he was "illegally dispossessed of his real property and the rental

27

income it generated," and because he had to pay fees to a "loan auditor" and his attorney.   (Compl. ¶

28

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF – Case No. 1:13-CV-01317-AWI-BAM

66.)  None of these purported "injuries" satisfy the pecuniary harm element of a slander of title claim. To the extent Plaintiff lost the property, it was because the prior owner – Ms. Contreras – defaulted on the First DOT that encumbered the Subject Property.  Further, fees paid to prosecute a slander of title claim cannot constitute a "direct and immediate pecuniary loss."  *See Ogilvie v. Select Portfolio Servicing,* 2012 U.S. Dist. LEXIS 103228, at *11-12 (N.D. Cal. July 23, 2012).  Accordingly, Plaintiff's slander of title claim fails.

### 4.    Plaintiff's Claim for Fraud Fails

In California, fraud claims have five elements: (1) misrepresentation; (2) knowledge of falsity; (3) intent to induce reliance or intent to defraud; (4) justifiable reliance; and (5) resulting damage.  *Toneman,* 2013 U.S. Dist. LEXIS 98996, at *62.  Claims for fraud must meet the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure.  *See id.*  Under Rule 9(b), fraud allegations must include the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.  *Id.* at *62-63.  Conclusory allegations do not suffice.  *Shroyer v. New Cingular Wireless Servs.*, 622 F.3d 1035, 1044 (9th Cir. 2010).  As set forth below, Plaintiff fails to satisfy these elements.

First, Plaintiff has not alleged a single fact to suggest that Chase intended to defraud him.  Instead, he merely asserts that Chase acted with "intent to defraud."  (Compl. ¶ 70.)  This conclusory allegation fails to meet the pleading requirements of Rule 9(b).  *See Shroyer*, 622 F.3d at 1044.

Second, Plaintiff has not pled justifiable reliance.  "Reliance exists when the misrepresentation or nondisclosure was an immediate cause of the plaintiff's conduct which altered his or her legal relations, and when without such misrepresentation or nondisclosure he or she would not, in all reasonable probability, have entered into the contract or other transaction."  *Alliance Mortg. Co. v. Rothwell*, 10 Cal. 4th 1226, 1239 (Cal. 1995).  Here, Plaintiff fails to plead with any specificity how he altered his legal relations on the basis of Chase's purported misrepresentations.  He merely states that he "justifiably relied" on Chase's purported misrepresentations, but this conclusory

- 14 -

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – Case No. 1:13-CV-01317-AWI-BAM

allegation cannot suffice.  (Compl. ¶ 71.)  *See Shroyer*, 622 F.3d at 1044.  Accordingly, Plaintiff's fraud claim fails.

Finally, Plaintiff has not demonstrated how Chase's purported misrepresentations caused his alleged damages.  More specifically, he does not allege how these supposed misrepresentations led to the non-judicial foreclosure proceedings, as opposed to Ms. Contreras's default on her loan obligations.  *See Gilmore v. Am. Mortg. Network, Inc*., 2012 U.S. Dist. LEXIS 176194, at *36-37 (C.D. Cal. Dec. 10, 2012).

Accordingly, Plaintiff cannot state a claim for fraud, and his fourth cause of action should be dismissed.

### 5.      Plaintiff's Claim for Cancellation of Instruments Fails

Under California Civil Code § 3412, "[a] written instrument, in which there is reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or cancelled."  CAL. CIV. CODE § 3412.  Plaintiff argues that various title documents are void and should be cancelled.  (Compl. ¶¶ 75.)  As demonstrated below, Plaintiff's cancellation of instruments claim is without merit.

#### a)      Plaintiff Fails to Demonstrate that the Subject Loan and First DOT Are Void

Although Plaintiff seeks cancellation of the Subject Loan and First DOT, he utterly fails to allege any facts demonstrating that the Subject Loan or First DOT were in any way improper.  Indeed, he admits that Ms. Contreras executed the First DOT, and never asserts an objection to the origination of that contract.  (Compl. ¶ 6.).  Further, he was not a party to that contract, and therefore he does not have standing to bring such an objection.  He therefore provides no basis for cancelling the Subject Loan and First DOT.

1

   **b)**     **Plaintiff Fails to Demonstrate that the Assignments of Deed of Trust, NOD, Notices of Trustee's Sale and Trustee's Deed Upon Sale Are Void**

2

3     Plaintiffs' argument that the Assignments of Deed of Trust, NOD, Notices of Trustee's

4     Sale and Trustee's Deed Upon Sale are void relies entirely upon his contention that neither Chase nor

5     the U.S. Bank Trust have any interest in the First DOT due to the 2007 securitization of the loan.

6     (Compl. ¶¶ 77-78.)  As discussed throughout this Motion, however, Plaintiff utterly fails to

7     demonstrate that the 2007 securitization failed or that Chase and the U.S. Bank Trust lack the

8     authority to initiate non-judicial foreclosure proceedings.  Therefore, as in *Pugh v. JPMorgan Chase*

9     *Bank, N.A.,* Plaintiff's "cancellation of instruments" claim fails because his underlying securitization

10    theory is without merit.  *Pugh*, 2013 U.S. Dist. LEXIS 151873, at *12-13.  Accordingly, Plaintiff has

11    not demonstrated that any of the recorded documents are void, and he provides no basis for their

12    cancellation.  *See Toneman*, 2013 U.S. Dist. LEXIS 98996, at *40-42.

13    Because Plaintiff cannot show that any of the recorded documents are void, he is not

14    entitled to relief under California Civil Code section 3412.

15    **6.**     **Plaintiff's Claim for Violation of California Civil Code Section 2934 Fails**

16    Plaintiff claims that Chase violated California Civil Code section 2934a(a)(1)(A)

17    because WaMu and Chase were not beneficiaries under the Subject Loan and First DOT, and therefore

18    had no power to substitute a trustee under the Fist DOT.  (Compl. ¶ 82.)  This argument is entirely

19    without merit.

20    Section 2934a(a)(1)(A) states as follows:

21    (a) (1) The trustee under a trust deed upon real property or an estate for
22    years therein given to secure an obligation to pay money and conferring no
      other duties upon the trustee than those which are incidental to the
23    exercise of the power of sale therein conferred, may be substituted by the
      recording in the county in which the property is located of a substitution
24    executed and acknowledged by: (A) all of the beneficiaries under the trust
      deed, or their successors in interest, and the substitution shall be effective
25    notwithstanding any contrary provision in any trust deed executed on or
      after January 1, 1968.
26
27    Cᴀʟ. Cɪᴠ. Cᴏᴅᴇ 2934a(a)(1)(A).

28

- 16 -

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – Case No. 1:13-CV-01317-AWI-BAM

Here, the First DOT originally listed Financial Title Co. as Trustee.  (RJN Exh. 2.)  On April 21, 2008, a Substitution of Trustee was recorded, substituting Quality Loan Service Corporation as trustee.  (RJN Exh. 6.)  That Substitution was signed by a representative of the beneficiary at the time, WaMu.  (*Id.*)  As discussed throughout this Motion, Plaintiff has not demonstrated that WaMu was not the proper beneficiary under the DOT, and therefore his sixth cause of action fails in its entirety.

### 7.   Plaintiff's Claim for Violation of Bus. & Professions Code, Section 17200, et seq. Fails

In his seventh cause of action, Plaintiff argues that Chase engaged in unfair, unlawful, or fraudulent business practices in violation of California Business and Professions Code section 17200 et seq., also known as California's unfair competition law ("UCL").  See CAL. BUS. & PROF. CODE § 17200 et seq.  *See also Californians for Disability Rights v. Mervyn's, LLC*, 39 Cal. 4th 223, 228 (2006).  Plaintiff's UCL claim fails because he has not demonstrated that he has standing to bring such a claim, and because he has not demonstrated that Chase engaged in unlawful or unfair conduct under the statute.

#### a)    Plaintiff Lacks Standing To Bring a UCL Claim

Standing to bring a claim for violation of section 17200 is limited to specified public officials and to private persons who have suffered injury in fact and lost money or property as a result of the unfair business practices.  See CAL. BUS. & PROF. CODE § 17204; *Californians for Disability Rights*, 39 Cal. 4th at 228.  To satisfy the standing requirements, a party must (1) establish an economic injury and (2) show that that economic injury was caused by the unfair business practice.  *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 322 (2011).  "A plaintiff fails to satisfy the causation prong of the statute if he or she would have suffered the same harm whether or not a defendant complied with the law."  *Jenkins v. JPMorgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 522 (2013) (internal quotations omitted).

Here, Plaintiff alleges that he has suffered the following injuries as a result of Chase's purportedly improper business practices: (1) loss of the Subject Property; (2) loss of rental income, (3)

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – Case No. 1:13-CV-01317-AWI-BAM

severe emotional distress, and (4) damage to his credit.  (Compl. ¶ 88.)  The second two of these alleged "injuries" do not constitute "lost money or property," and cannot confer standing on Plaintiff. As for the loss of the Subject Property and rental income, Plaintiff has not shown - *and cannot show* - that this loss resulted from Chase's purported misconduct.  Rather, the Subject Property was sold because Ms. Contreras defaulted on her loan obligations, and therefore Chase lawfully proceeded with a non-judicial foreclosure.  Accordingly, Plaintiff cannot demonstrate that he lost money or property as a result of Chase's conduct, and his seventh cause of action fails as a matter of law.

### b)      Plaintiff Fails to Show Violation of a Predicate Statute

Plaintiff's seventh cause of action fails for the additional reason that he does not allege a legally sufficient claim on which to base a UCL claim.  It is well settled that UCL claims must rest on the violation of some independent substantive statute, regulation or case law.  *See Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377 (1992) (noting an action under section 17200 must borrow a violation of another law).  Here, Plaintiff alleges that Chase violated California Civil Code sections 1095, 1709, 1710, 2923.5, 2924(a)(1), and 2934a(a)(1)(A), and California Penal Code sections 115 and 532.  (Compl. ¶ 73.)  As set forth in Section 7, *supra*, Plaintiff cannot demonstrate a violation of section 2934a(a)(1)(A).  Further, as set forth below, his claims under these statutes are legally deficient and therefore do not entitle him to relief under the UCL.

California Civil Code section 1095 states that "[w]hen an attorney in fact executes an instrument transferring an estate in real property, he must subscribe the name of his principal to it, and his own name as attorney in fact."  CAL. CIV. CODE § 1095.  Plaintiff has not identified which documents purportedly violated this statute.  Nonetheless, both Assignments of Deed of Trust comply with section 1095; the 2008 Assignment of Deed of Trust was executed by Rick Wilken, in his "authorized capacity" on behalf of MERS, and the 2010 Assignment of Deed of Trust was executed by "Eric Tate" as "Attorney in Fact" for Chase.  (RJN Exhs. 5, 13.)  As Plaintiff has provided no evidence to suggest that these attestations were false, he cannot demonstrate that Chase violated section 1095.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

California Civil Code sections 1709 and 1710 concern the definition of, and damages for, deceit. CAL. CIV. CODE §§ 1709, 1710. As set forth in Section 4, *supra*, Plaintiff cannot show that Chase engaged in fraud by acting as a beneficiary under the First DOT. Accordingly, he has not demonstrated a violation of sections 1709 or 1710.

California Civil Code section 2923.5 sets forth the requirements for recording a Notice of Default. CAL. CIV. CODE § 2923.5. Plaintiff alleges that "Chase and U.S. Bank" violated that statute, however only WaMu recorded a NOD in 2008. (RJN Exh. 4.) Moreover, Plaintiff has not set forth a single fact to suggest that the NOD did not comply with the statutory requirements. Plaintiff therefore fails to demonstrate a violation of section 2923.5.

California Civil Code sections 2924(a)(1) and 2924(a)(1)(C) contain requirements for conducting a non-judicial foreclosure. CAL. CIV. CODE § 2924. Plaintiff has not identified how Chase purportedly violated that statute. Indeed, the judicially noticeable documents show that the NOD contained: (1) the name of the trustor, (2) the instrument number where the First DOT was recorded, (3) a statement that a breach of the security obligation occurred, and (4) a statement setting forth the nature of the breach as required by the statute. (RJN Exh. 4.) As Plaintiff has offered no evidence that these representations were false, he cannot demonstrate a violation of section 2924.5.

Finally, California Penal Code sections 115 and 532 prohibit recording false or forged documents. CAL. PENAL CODE §§ 115, 532. However, as argued throughout this Motion, Plaintiff has not set forth any facts to show that Chase recorded false documents. Accordingly, he cannot demonstrate a violation of penal code sections 115 or 532.

As Plaintiff has not demonstrated a violation of any predicate statutes, his UCL claim is legally and factually deficient and should be dismissed. *Krantz v. BT Visual Images, LLC*, 89 Cal. App. 4th 164, 178 (2001) (where claim depends on the validity of preceding claims, disposition of preceding claims disposes that claim).

1

**c)** **Plaintiff Cannot Show That Any Purported Wrongdoing by Chase Caused Him Harm**

2

3    Plaintiff further fails to allege facts evidencing that he sustained damages as a result of

4  Chase's purported wrongdoing.  To state a claim for "unfair" business practices under the UCL,

5  Plaintiff must show that: "(1) the injury is substantial, (2) the injury is not outweighed by any

6  countervailing benefits to consumers or competition, and (3) the injury is one that consumers

7  themselves could not reasonably have avoided."  *Morgan v. AT&T Wireless Services, Inc.*, 177 Cal.

8  App. 4th 1235, 1254–1255 (2009).

9    Here, Plaintiff has failed to demonstrate any injury or harm to consumers or

10 competition.  Indeed, his specific allegations only refer to Chase's conduct as it relates to him.  His

11 conclusory allegations about Chase's general business practices likewise do not demonstrate any harm

12 to consumers or competition.  (Compl. ¶¶ 87, 89.)  Further, Plaintiff cannot show that Chase engaged

13 in any fundamentally "unfair" conduct for which the risk to Plaintiff outweighed the utility of Chase's

14 actions, particularly in light of the fact that Ms. Contreras defaulted on her loan obligations.

15 Accordingly, Plaintiff's seventh cause of action should be dismissed.

16 **V.    CONCLUSION**

17    For the foregoing reasons, Chase respectfully requests that its Motion to Dismiss be

18 granted in full, without leave to amend.

19

20 DATED:  November 4, 2013              */s/ Jessica Luhrs* _____
                                        JOHN COX
21                                      JESSICA LUHRS
                                        KEESAL, YOUNG & LOGAN
22                                      Attorneys for Defendant
                                        JPMORGAN CHASE BANK, N.A.
23

24

25

26

27

28

KYL_SF618230

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF – Case No. 1:13-CV-01317-AWI-BAM